UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN A. JONES,

           Plaintiff,

-against-

JAY SHAQWAN WILLIAMS; NEW YORK STATE,

           Defendants.

23-CV-6185 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. By order dated August 10, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint. Plaintiff states that on October 9, 2016, in Staten Island, "I been raped [illegible] abuse married the person and [illegible] its also on google . . . if you google the recent case against him I been [illegible] lost passport no credit cards people [illegible] movies and not getting pap."[1] (ECF 1, at 5.) He names as Defendants Jay Shaqwan Williams ("Williams") and the State of New York.

In the injury section of the complaint, Plaintiff states, "I was in the rain I got shock also baseball but an [illegible] my eye and [illegible]." (*Id.* at 6.) He seeks "over 300 million damages." (*Id.*)

Plaintiff previously filed a substantially similar lawsuit against Defendant Williams, the City of New York, and a second individual, possibly a municipal employee. *See Jones v. City of New York*, ECF 1:22-CV-4205, 2 (S.D.N.Y. Oct. 3, 2022) ("*Jones I*"). The Court dismissed the claims against Williams for failure to state a claim and granted Plaintiff leave to file an amended complaint against the City of New York. ECF 1:22-CV-4205, 5. Plaintiff did not file an amended pleading, and the Court dismissed the action on October 3, 2022.

## DISCUSSION

**A.    Claims against Williams**

In *Jones I*, the Court construed the claims brought against Williams as asserted under 42 U.S.C. § 1983 because Plaintiff had alleged that his constitutional rights had been violated. The Court dismissed those claims, however, because Plaintiff did not state any facts suggesting Williams' personal involvement in violating Plaintiff's rights or that Williams acted under the

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original.

color of state law. To state a claim under Section 1983, a plaintiff must allege not only the violation of a constitutional right, but that the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Moreover, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged deprivation. *See Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). In this action, Plaintiff does not state any facts suggesting that Williams, in the capacity of a state actor, personally harmed Plaintiff in any fashion. Indeed, Plaintiff never describes Williams in the complaint, attribute any conduct on his part, or indicate his reason for naming this individual as a defendant. The Court therefore dismisses Plaintiff's claims brought against Williams for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims against New York State**

The complaint does not suggest any involvement on the part of any New York State actor in the alleged violation of Plaintiff's rights. Even if it had, the State itself is immune from Section 1983 liability under the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). To the extent Plaintiff seeks relief against the State of New York under Section 1983, any such claim is barred by the Eleventh Amendment and is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Leave to Replead is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff leave to amend. In *Jones I*, the Court granted Plaintiff leave to amend a substantially similar complaint as the complaint filed in this action. Rather than submit an amended complaint, he filed this new action, which suffers from the same defects as the complaint in *Jones I*. Thus, the Court concludes that it would be futile to grant Plaintiff leave to amend in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   October 24, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge